IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NEDERLAND SHIPPING CORP. and
CHARTWORLD SHIPPING CORP.,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Civil Action No. 19-1302-RGA

MEMORANDUM OPINION

Anne Kai Seelaus, BARNARD MEZZANOTTE PINNIE AND SEELAUS, LLP, Wilmington, DE; George M. Chalos (argued) and Briton P. Sparkman, CHALOS & CO., P.C., Oyster Bay, NY, Attorneys for Plaintiffs.

David C. Weiss, Laura D. Hatcher, UNITED STATES ATTORNEY'S OFFICE, Joseph H. Hunt, Michael A. DiLauro and Kalynn E. Hughes (argued), UNITED STATES DEPARTMENT OF JUSTICE, Attorneys for Defendant.

April 27, 2020

/s/ Richard G. Andrews
**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before me is the Government's Motion to Dismiss. (D.I. 11). I have reviewed the parties'

additional briefing. (D.I. 14, 15). I heard a helpful telephonic oral argument on March 23, 2020.

Because I do not find that Plaintiffs have established subject matter jurisdiction, I will grant the

Government's motion.

## I.   BACKGROUND

Plaintiffs are shipping corporations that own and operate the M/V Nederland Reefer. On

or about February 20, 2019, the M/V Nederland Reefer arrived in the Delaware Bay. (D.I. 1 at

¶13). On February 22, 2019, in connection with an inspection of the ship and subsequent

investigation relating to certain deficiencies suspected onboard, the Captain of the Port issued a

letter indicating that the ship was required to remain in the Delaware Bay, pursuant to 33 U.S.C.

§ 1908(e) of the Act to Prevent Pollution from Ships ("APPS"). (*Id.* at ¶ 19). The letter stated

that departure clearance from Customs and Border Patrol, a necessary prerequisite to release of

the ship, could be obtained upon the issuance of a surety bond as part of an Agreement on

Security. (*Id.*).

An Agreement on Security acts as a substitute for the presence of a vessel by ensuring

that jurisdiction will be retained over criminal defendants and by guaranteeing that funds will be

available to pay any civil or criminal penalty that might be assessed against the vessel's owner or

operator. *See* Fed. R. Civ. P. Supp. Admiralty and Maritime Rule E; cf. 33 U.S.C. § 1908(d)

(vessel liability). Another purpose of the Agreement is to ensure that crew members who remain

in the United States are adequately provided for. *See* D.I. 11 at 4 n. 4.

Plaintiffs contend that when they attempted to arrange for security, they were informed

on February 23, 2019, that "the United States was unable to articulate a demand for surety." (*Id.*

at ¶ 20). On March 7, 2019, Plaintiffs received notice that the investigation of the ship had been referred to the Department of Justice for criminal prosecution and that departure clearance from Customs and Border Patrol could be obtained upon the issuance of a surety bond as part of an Agreement on Security. (*Id.* at ¶ 21). The Agreement on Security was executed and signed on March 8, 2019, and a surety bond of $1,000,000 was posted the same day. (*Id.* at ¶¶ 24-25, Ex. 1). Although the Captain of the Port Letter withholding the M/V Nederland Reefer's departure clearance was rescinded, the ship was unable to leave the port for another nineteen days. (*Id.* at ¶ 27).

The Agreement on Security stated, "(c) Owner and Operator agree that the Vessel shall not depart forthwith for the remainder of its voyage until the aforementioned ship's officers and crewmembers of the Vessel have been granted immigration status necessary to enable them to remain in the United States." (*Id.*, Ex. 1 at ¶ 3(c)). The crewmembers had been subpoenaed as part of the related criminal investigation and were thus required to remain in the United States. (*Id.* at ¶¶ 26, 28). On March 27, 2019, the crew members who had been subpoenaed were granted parole to remain in the United States. (*Id.* at ¶¶ 28, 55, Ex. 20).

Defendants contend that the United States failed to take the necessary steps to arrange for the parole of the crew into the United States in a timely fashion, with the result that the M/V Nederland Reefer was delayed in being allowed to depart from the Delaware Bay. Defendants seek a declaratory judgment that the Agreement on Security is null and void *ab initio*, damages for breach of contract, and compensation for unreasonable delay in allowing the M/V Nederland Reefer's departure. The Government moves to dismiss the case for failure to state a claim and for lack of subject matter jurisdiction.

## II.    LEGAL STANDARD

### a.  Rule 12(b)(1) Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," and the standards relevant to Rule 12(b)(6) apply. *Id.* at 358.

In reviewing a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.3d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions, and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.3d at 891.

### b.  Rule 12(b)(6) Standard

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790-91 (3d Cir. 2016).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complainant must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id*. at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*; *Twombly*, 550 U.S. at 555-56.   Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

## III.   DISCUSSION

Although the M/V Nederland Reefer's departure clearance was restored on March 8, 2019, the ship still could not sail. (D.I. 1 at ¶ 27). Thirteen crew members identified in the

Agreement on Security had not been granted the immigration status necessary to allow them to leave the ship, and the Agreement specified that the ship could not depart until they disembarked. (*Id.*, Ex. 1 at 7).

Plaintiffs represent, "Arrangements for the necessary immigration status or parole into the United States takes no more than a few hours and can [be] (and often is) completed quicker." (D.I. 1 at ¶ 31). Plaintiffs conclude that the nineteen-day delay in this case is unprecedented and unreasonable. (*Id.* at ¶¶ 32-57). Plaintiffs argue that 1) the Court should enter a declaratory judgment finding the Agreement on Security void *ab initio* (*id.* at ¶¶ 59-61); 2) the Government did not process the parole applications quickly enough, causing a breach of the Agreement with consequent damages (*id.* at ¶¶ 62-66); and 3) Plaintiffs are entitled to compensation due to the ship's "unreasonable" delay in departing (*id.* at ¶¶ 67-70).

In moving to dismiss, the Government contends, "There is no statute, regulation, or agency policy that requires that a ship's departure clearance be returned within a particular period of time, nor is there a deadline by which the government had to grant the witness crew members' parole, allowing them to come ashore." (D.I. 11 at 1). The Government asserts there has been no waiver of sovereign immunity in this case and Plaintiffs cannot circumvent the jurisdiction of the U.S. Court of Federal Claims by crafting their suit as a request for declaratory judgment.

Before reaching the merits of Plaintiffs' claims, I first consider the Government's facial challenge to this Court's subject matter jurisdiction over this case. Essentially, I need to analyze whether I can hear either Count Two – the breach of contract claim – or Count Three – the statutory APPS claim.

Neither the United States nor its agencies can be sued unless Congress waives sovereign immunity. *See Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). Courts strictly construe statutes purporting to waive sovereign immunity "in favor of the sovereign." *Id.* at 261. Any such waiver must be "'unequivocally expressed' in the statutory text." *Id.*

"Sovereign immunity not only protects the United States from liability, it deprives a court of subject matter jurisdiction over claims against the United States." *Richards v. United States*, 176 F.3d 652, 654 (3d Cir. 1999). "[N]o action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982); *see also In re Resorts Int'l, Inc.*, 372 F.3d 154, 161 (3d Cir. 2004) ("Subject matter jurisdiction cannot be conferred by consent of the parties.") (internal quotation marks and citation omitted). Nor can a government official confer jurisdiction upon a federal court "which such court has not otherwise been authorized by statute to exercise." *Hughes Aircraft Co. v. United States*, 534 F.2d 889, 900 (Ct. Cl. 1976).

### a. Count Two – Breach of Contract

Plaintiffs argue that the Agreement on Security waives sovereign immunity in this case. (D.I. 14 at 9). The Agreement on Security states,

> Any dispute between the United States and Owner or Operator regarding payment under this paragraph shall be submitted to the United States District Court for the District of Delaware. In any such dispute wherein one party claims a breach of the terms and conditions herein, the party asserting that there has been a breach of the Agreement shall bear the burden of proof.

(D.I. 1, Ex. 1 at 4:73-77). Plaintiffs point to this provision to argue that the Agreement on Security is a government form contract. (D.I. 14 at 8). Plaintiffs assert that as such, their complaint that the Agreement was breached by the government, that the M/V Nederland Reefer

7

was unreasonably delayed, and that they are entitled to pursue compensation and damages is properly within the jurisdiction of this court. (*Id.* at 9).

The language in the Agreement that Plaintiffs identify to support their argument purports to set venue in this Court for a suit concerning "[a]ny dispute . . . regarding payment under this paragraph." Preceding the quoted language, the Agreement identifies six conditions under which payment might be required, none of which are at issue here. The basis for Plaintiffs' claim is instead the "unreasonable delay" in processing the M/V Nederland Reefer's departure clearance as a result of the time it took to parole the stay-behind crew into the United States. (D.I. 1 at 1). Plaintiffs cannot contract around the rule that neither the United States nor its agencies can be sued unless Congress waives sovereign immunity. *See Dep't of the Army*, 525 U.S. at 260. And, even if they could, I would not find that the language of the Agreement contains any "unequivocally expressed" general waiver of the Government's sovereign immunity.

Plaintiffs also argue that the Government expressly waived sovereign immunity in the Agreement on Security because Congress has "explicitly waived" sovereign immunity for disputes arising under APPS. (D.I. 14 at 10; citing 33 U.S.C. § 1904(h)). But Plaintiffs do not offer any explanation why the statutory cause of action would give me jurisdiction over a breach of contract case.

Plaintiffs also contend that admiralty jurisdiction exists in this case because the Agreement on Security "touches on important international maritime services and transactions." (D.I. 14 at 12). Federal courts do have subject matter jurisdiction over maritime contract cases. *See Exxon Corp. v. Cent. Gulf Lines*, 500 U.S. 603, 608 (1991). Whether a contract sounds in admiralty depends on whether its subject constitutes a maritime service or transaction. *Id.* at 610.

Here, the Agreement on Security is not a maritime contract. It does not "relate[] to a ship

in its use as such, or to commerce or navigation on navigable waters, or to transportation by sea

or to maritime employment." *Retif Oil & Fuel, LLC v. Offshore Specialty Fabricators, LLC*,

2018 WL 4680125, at *5 (E.D. La. Sept. 28, 2018). The principal objective of the Agreement is

to permit the ship's departure clearance while preserving the Government's ability to investigate.

(D.I. 1, Ex.1, Recital ¶ E);  *See Angelex Ltd. v. United States*, 723 F.3d 500, 509 (4th Cir. 2013)

(withholding departure clearance did not create admiralty jurisdiction); *Retif Oil & Fuel*, 2018

WL 4680125, at *5 (a "surety agreement is not held to be an admiralty contract, since the

obligation of the surety is only to pay damages in the event of liability on the underlying contract

. . . .").

Plaintiffs here seek $277,700 in a contract claim. (D.I. 1 at ¶ 70). "Jurisdiction over non-

tort monetary claims against the United States is exclusively defined by the Tucker Act, as

codified at 28 U.S.C. §§ 1346, 1491, because it is only under the terms of the Tucker Act that the

United States waives its sovereign immunity to non-tort claims seeking monetary relief."[1]

*Chabal v. Reagan*, 822 F.2d 349, 353 (3d Cir. 1987). The Tucker Act generally "waives

sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied

contract with the United States; (2) for a refund from a prior payment made to the government;

---

[1] "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulations of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. §1491(a)(1).  "The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: . . . [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . ." 28 U.S.C. §1346(a)(2).

or (3) based on federal constitutional, statutory, or regulatory law." *Com. of Puerto Rico v. United States*, 44 Fed. Cl. 618, 622 (1999) (citing *United States v. Testan*, 424 U.S. 392, 400 (1976)). "Under the Tucker Act, the United States Claims Court and district courts share original jurisdiction over non-tort monetary claims against the United States not exceeding $10,000." *Id.*, citing 28 U.S.C. § 1346(a)(2). "Original jurisdiction over such claims seeking more than $10,000 vests exclusively in the Claims Court." *Id.*, citing 28 U.S.C. § 1491.

Because the Agreement on Security itself does not convey jurisdiction, and the Agreement on Security is not properly characterized as a maritime contract, this Court does not have jurisdiction over the breach of contract claim.

### b.  Count Three - § 1904(h)

Plaintiffs argue that § 1904(h) conveys a statutory cause of action to recover compensation for damages arising out of any unreasonable delay to the M/V Nederland Reefer caused by the government. (D.I. 14 at 13). Section 1904(h) allows a ship unreasonably detained or delayed to recover compensation for any loss or damage suffered as a result. 33 U.S.C. § 1904(h); *see Angelex Ltd. v. United States*, 272 F. Supp. 3d 64, 76 (D.D.C. 2017), *aff'd*, 907 F.3d 612 (D.C. Cir. 2018). Unless Plaintiffs establish that jurisdiction is properly found in this Court by some other means, it appears that the statutory cause of action claim should also have been brought in the U.S. Court of Federal Claims under the Tucker Act. *See, e.g.*, *Consol. Edison Co. of New York v. United States Dep't of Energy*, 247 F.3d 1378, 1385 (Fed. Cir. 2001) ("This court and its sister circuits will not tolerate a litigant's attempt to artfully recast its complaint to circumvent the jurisdiction of the Court of Federal Claims."); *Veda, Inc. v. United States Dep't of Air Force*, 111 F.3d 37, 39 (6th Cir. 1997) ("[A] party cannot circumvent the [Tucker Act's]

jurisdiction by suing solely for declaratory or injunctive relief in a case where such relief is

tantamount to a judgment for money damages.").

Plaintiffs contend that jurisdiction is proper for their § 1904 claim in this Court under 33

U.S.C § 1910. 33 U.S.C. § 1904(h) states: "A ship unreasonably detained or delayed by the

Secretary acting under the authority of this chapter is entitled to compensation for any loss or

damage suffered thereby." Plaintiffs contend that jurisdiction is proper in this Court pursuant to

33 U.S.C. § 1910(c)(3), which "confirms that in any case concerning a ship, the action may be

brought in any judicial district 'wherein the ship or its owner or operator may be found.'" (D.I.

14 at 4). At the time the Agreement on Security was concluded by the parties, the M/V

Nederland Reefer was in the Delaware Bay.

> The Government maintains the position,
>
> Section 1910 is a classic citizens' suit provision, which the United States believes
> to be independent of the remedy under section 1904(h). Citizen suit provisions
> typically have features that include: a cause of action for persons "aggrieved;"
> provisions targeted towards enforcement of statutory provisions that are non-
> discretionary for the agency; mandatory notice to the agency (to provide an
> opportunity for an administrative solution to the lack of enforcement); a bar on
> suit when the agency is actively undertaking its enforcement duties; and attorney
> fees.

(D.I. 15 at 6). At oral argument, the Government argued that, as a citizen suit provision, Section

1910 is inapplicable here. The complaint here is not seeking to have the United States take some

action to enforce an environmental law.

Section 1910(a) provides four grounds for any person having an adversely affected

interest to bring an action: (1) against "any person alleged to be in violation of the provisions" of

APPS or its regulations; (2) against the Secretary of Homeland Security "where there is alleged a

failure of the secretary to perform any act or duty under this chapter which is not discretionary

within the Secretary"; (3) against the administrator of the Environmental Protection Agency

11

"where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary"; and (4) against the Secretary of the Treasury where there is an alleged failure of the Secretary to take action under section 1908(e). 33 U.S.C. § 1910(a). The section also contains a notice provision, requiring that the plaintiff give notice of its claim, in writing and under oath, to "the alleged violator, the Secretary concerned or the Administrator, and the Attorney General" more than sixty days before commencing an action under Section 1910(a). 33 U.S.C. § 1910(b)(1).

The question of whether § 1910 conveys jurisdiction for a § 1904 case appears to be a novel one.[2] Section 1910 seems to me, as it did to the court in *Angelex Ltd. v. United States*, to be an authorization for four different kinds of actions, none of which are at issue here.[3] *See* 123 F. Supp. 3d 66, 71 (D.D.C. 2015). APPS does provide for compensation for loss or damage as a result of unreasonable detention by the Coast Guard. Section 1904(h) states, "A ship unreasonably detained or delayed by the Secretary acting under the authority of this chapter is entitled to compensation for any loss or damage suffered thereby." 33 U.S.C. § 1904(h). This provision, however, is an after-the-fact damages remedy against the United States for unreasonable detention or delay. *Angelex Ltd. v. United States*, 723 F.3d 500, 508-09 (4th Cir. 2013).

---

[2] The district court in *Angelex* did not expressly state the basis for its subject matter jurisdiction, although it noted that Angelex asserted the action was "authorized by" § 1904(h), *Angelex*, 123 F. Supp. 3d at 74, and further commented, "It is unclear whether Angelex brings its action pursuant to 33 U.S.C. § 1910 . . . or whether it is asserting that Section 1904(h) independently confers a right of action against the United States." *Id.* at 74 n.4. The court noted that the Government did not challenge the assertion. *Id.*

[3] I also note that none of the four kinds of actions appear to be for a monetary claim against the United States.

Plaintiffs are not without a forum for pursuing recourse for their § 1904(h) claim, but I do not find jurisdiction in this Court.

> Even though Congress granted DHS and the Coast Guard with substantial discretion in fashioning the conditions upon which a vessel's departure clearance might be reinstated, it did not specifically exclude review of that power for purposes of suit brought pursuant to § 1904(h). *See generally* 33 U.S.C. § 1904(h). Nor did Congress more generally exclude review of claims based upon the exercise of discretion, *see generally id.* at §§ 1904(h), 1908(e), as Congress did for the citizen suit provisions of APPS and has done for other statutes. *See, e.g.*, 33 U.S.C. § 1910(a)(2)-(3); 28 U.S.C. § 2680(a) (FTCA does not waive sovereign immunity for tort cases against the government "based upon the exercise or performance or failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused.").

*Angelex*, 272 F. Supp. 3d at 75-76. As discussed previously, jurisdiction over non-tort monetary claims against the United States is exclusively defined by the Tucker Act. I find no express waiver of sovereign immunity in a court of general jurisdiction or any indication of the Tucker Act's inapplicability for a claim brought pursuant to § 1904. Thus, to the extent that § 1904 can be brought as a claim generally, it appears that the proper place to do this is in the Court of Federal Claims.

Because there is no subject matter jurisdiction over Plaintiffs' claims in this Court, I do not reach Plaintiffs' arguments that the Agreement on Security is void *ab initio* (D.I. 1 at ¶ 61)[4], that the Government breached the Agreement (*id.* at ¶ 64), or that the M/V Nederland Reefer was unreasonably detained or delayed (*id.* at ¶ 68).

## IV.    CONCLUSION

For the reasons described above, I will grant the Government's motion to dismiss. A separate order will be entered.

---

[4] The parties agree that if there once was jurisdiction over Count One, subsequent events mooted the claim.